**Gloria Deanna DICKERSON, Plaintiff–Appellant,**

**v.**

**UNITED WAY OF NEW YORK CITY, Defendant–Appellee.**

**No. 08–2057–cv.**

United States Court of Appeals, Second Circuit.

Nov. 2, 2009.

Gloria Deanna Dickerson, pro se, New York, NY, for Appellant.

Katharine H. Parker, Proskauer Rose LLP, New York, NY, for Appellee.

PRESENT: WALKER, REENA RAGGI, Circuit Judges, and RAYMOND J. DEARIE,* District Judge.

### SUMMARY ORDER

Gloria Deanna Dickerson appeals the dismissal of her complaint pursuant to Fed.R.Civ.P. 12(b)(6). She alleged that the United Way of New York, her estranged husband's former employer, violated the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, by paying approximately $2,000,000 to her husband under a retirement plan of which she was a beneficiary without first obtaining her consent.

---

We review a Rule 12(b)(6) dismissal *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). In applying this standard, we assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our ruling.

ERISA permits a person entitled to benefits to enforce that entitlement in a civil action. *See* 29 U.S.C. § 1132(a)(1)(B). To prevail, a plaintiff must show that "(1) the plan is covered by ERISA, (2)[she] is a participant or beneficiary of the plan, and (3)[she] was wrongfully denied severance pay owed under the plan." *Giordano v. Thomson*, 564 F.3d 163, 168 (2d Cir.2009) (internal citations omitted). A "participant" is defined as "any employee or former employee ... who is or may become eligible to receive a benefit of any type from an employee benefit plan," 29 U.S.C. § 1002(7), while a "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder," *id.* § 1002(8).

Benefits under an ERISA-covered plan must be paid in the form of a qualified joint and survivor annuity unless the participant's spouse consents to the election of another form of benefits. *See* 29 U.S.C. §§ 1055(a)(1), (c)(1)–(2). However, this spousal protection provision does not apply to the type of plan at issue here, allegedly a Supplemental Executive Retirement Plan ("SERP") or "top hat" plan.[1] *See* 29 U.S.C. § 1051(2); *see also Paneccasio v.*

*Unisource Worldwide, Inc.*, 532 F.3d 101, 108 (2d Cir.2008); *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 217 (2d Cir. 2006).

As the district court observed, Dickerson failed to allege that she was a beneficiary of the alleged SERP. Nor could it be inferred from her status as the participant's spouse that she would have been entitled to a benefit under such a plan, due to the inapplicability of ERISA's spousal protection provision to "top hat" plans. Rather, she claimed that the payout constituted "joint marital assets" which should not have been conveyed to her husband in light of ongoing divorce proceedings. On this basis, the district court correctly concluded that Dickerson failed to state a claim under federal law.

We have considered Dickerson's remaining claims, including those in her "corrected" appellate brief, and each is either meritless or inappropriately raised for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Accordingly, the judgment of the district court is AFFIRMED.

1. The United Way denies that a SERP existed and maintains that the payment occurred pursuant to a separation agreement. Like the district court, we assume for purposes of this ruling in the Rule 12(b)(6) context that a SERP did exist and conclude that dismissal was nonetheless proper.